## WAYNE COUNTY v. HOPPER.

[75 South.  766, Division B.]

SCHOOLS AND SCHOOL DISTRICTS.  *Contract for employment of teacher.* *Statutes.*

Under Code 196, section 4541, making it unlawful for a county superintendent or trustees of a separate school district to contract with a teacher who does not hold a license valid for the scholastic year, and under Laws 1914, chapter 185, providing that all teachers in the agricultural high schools shall pass an examination in the free school studies, and an examination on the subject they are required to teach in such schools; where plaintiff was employed as a director and teacher in an agricultural high school, but had no license as required by chapter 185, Laws 1914, such a contract was indivisible and being unlawful in part because he had no license he could not recover on the contract for services as director nor in such case could he recover on the theory of a *quantum meruit.*

APPEAL from the circuit court of Wayne county.

HON. R. W. HEIDELBERG, Judge.

Suit by H. L. Hopper against Wayne County. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Luther K. Saul,* for appellant.

The decision of the court in this suit rests upon the answer to the two questions: Did the board of supervisors have the legal authority to allow the appellee's salary; and can he recover upon a suit of *quantum meruit?*

Section 4541 of the Code of 1906, is as follows: "It shall be unlawful for a county superintendent, or the trustees of a separate school district, to contract with a teacher who does not hold a license valid for the scholastic year in which the school is to be taught, etc."

Chapter 185 of the Laws of 1914, reads: "That all teachers in agricultural high schools shall pass an examination in the free school studies and in addition thereto an examination on the subjects they are required to teach in said schools, etc."

The last sentence of section 2 of chapter 122 of the Laws of 1910, reads: "The tax so collected shall be deposited with the county treasurer to be paid out by him on order of the board of trustees for the high school or high schools."

Section 3 of the same laws places the government and control of the agricultural high schools in five trustees, one of whom shall be the county superintendent of education and they elect teachers and fix salaries, etc.

It will be thus observed at once by this court that the board of supervisors are not charged with the distribution of the funds belongng to the agricultural high school as the law creating such schools places the disbursement of these funds under the direct control of the trustees of these schools,—hence the appellee had no valid claim against the county for his salary.

It will be also observed that the appellee, by his pleadings says that the board of trustees of the agricultural high school had allowed his salary and why he did not present his order to the county treasurer and receive his pay the records does not disclose. Nor does the record show that he did present his order to the county treasurer and that the treasurer refused to pay him. His remedy is against the board of trustees if they refused to allow his salary or if the treasurer refuses to pay him, his suit would be against him. So it follows that this suit cannot be entertained against the county.

I now turn to the second question and call the court's attention to section 4541 of the Code of 1906 and chapter 185 of the Laws of 1914, from the reading of which it will be observed that it does not matter what a person's qualifications as a teacher may be, it is essential and a prerequisite that he must have a license. This is not a condition of the contract, but is a command of the law. See *Jackson School Township* v. *Farlow,* 75 Ind. 118. Where a teacher is required to have a license, as by express command of the law, his failure to so have, renders a contract with him void and he cannot recover for services as a teacher nor for damages. See 35 Cyc., 1070 and citations.

Nor can he recover on the contract or upon a *quantum meruit*. See *Goose River Bank* v. *Willow Lake School Township*., 26 Am. St. Rep. 605, 44 N. W. 1002, wherein CORLISS, Chancellor, said: "There is no force in the position that the defendant, having received the benefit of the teacher's services is liable. Such a doctrine would defeat the policy of the law, which is to give the people of the state the benefit of trained and competent teachers. The law recognizes only one evidence that that policy has been regarded, the certificate of qualification. If the defendant could be made liable by the mere receipt of the benefit of the services rendered, the law prohibiting the employment of teachers without certifi-

cates, and declaring all contracts void made in contravention of that provision would be, in effect, repealed, and the protection of the people against incompetent and unfit teachers, which such statute was enacted to accomplish, would be destroyed.''

For a full discussion of this subject I specially cite *Schafer* v. *Johns,* 42 L. R. A. (N. S.), page 411, and the notes therein. It has been held that a teacher cannot recover compensation under an illegal contract. 35 Cyc., 1099 and note 83.

The case of *Crump* v. *Board of Supervisors,* 52 Miss. 107, does not apply in this case, which upon a casual examination the court will discern.

It is contended by appellee that his duties were many besides that of teaching and also that he was elected ''director.'' The statute creating the agricultural high schools does not give the board of trustees the authority to create high salaried offices, fill them with whomsoever they may choose and pay the holders thereof out of the funds belnging to these schools. It only contemplated the employing of common hands such as servants, etc. If the appellee was not a teacher in the school as the law contemplates, he was then filling an office which the board of trustees had no authority to create and being without legislative authority so to do, the appellee cannot recover for his services. See *McGillic* v. *Corby,* 17 L. R. A. (N. S.) 1263.

The question might arise that the appellee was a *defacto* officer of the school and if it does, he cannot recover, because his suit would put into question his legal right to such office. *Christian* v. *Gibbs,* 53 Miss. 314; *Matthews* v. *Copiah County,* 53 Miss. 715; and *Vicksburg* v. *Groome,* 24 So. 306.

I, therefore respectfully insist that the judgment of lower court should be reversed and the appellee's suit dismissed.

. *Heidelberg & Johnston,* for appellee

From the statement of facts, which are admitted, it is shown that the plaintiff was not employed to teach, and was not paid for teaching; that as director, he was employed and performed certain duties, which did not embrace that of teaching, and that these duties were faithfully and efficiently performed, and the board agreed to pay for them, and that these duties, which did not embrace that of teaching, were worth the amount sued for; that while it is true he taught about one-sixth of his time during the school term, that this was a mere incident to his employment as director, and that his contract did not carry with it the duty to teach, that even during the time he was not teaching he was to receive the same salary as that he received when he was teaching.

Counsel for appellant is therefore mistaken when he says that judgment was rendered in favor of the appellee against the appellant for "services rendered as teacher and director of the agricultural high school of Wayne county."

Now, does the fact that the plaintiff performed other duties in addition to those he was employed to perform, for which additional duties he could not recover, debar him of the right to sue for those he was employed to perform, and which he did perform, when these duties were worth and the defendants agree to pay, all he contends for.

The counsel for the appellant has throughout his brief argued the first count of the declaration, when as to this count, he won his contention in the lower court. He seems to evade the second count, as the court knows an agricultural high school requires work other than teaching. The stock must be cared for; the soil prepared, planted and tilled; the dormitory looked after; groceries bought and sold, besides numerous other things. Under the previsions of section 3 of chapter

122 of the Laws of 1910, the last sentence thereof trustees have the authority to elect and fix salaries of teachers and employees. This section is amended by chapter 186 of the Laws of 1914, and by this amendment it is provided that the trustees have the right to elect and fix the salaries of teachers and do all things necessary for the successful operation of the school. The above laws recognize the fact that employees other than teachers are necessary for the carrying on of the school. Surely these provisions authorized the employment of H. L. Hopper as director of said school. The appellee, in his second count, alleges that he was the director of said school; that his duties as such consisted in performing those already enumerated; that he did perform said duties; that the board of trustees was under contract to pay for them; and that they were allowed. Since the services are alleged to be worth one hundred and twenty-five dollars per month, this not being denied by appellant, but necessarily admitted by his demurrer, why isn't the county liable therefor?

As the court will see from the second count of the declaration not only did the appellee perform services as an employee, but these services were accepted and the contract of hire ratified by the board of trustees. In other words, Mr. Hopper, the appellee, working under an implied promise to pay, performed services as an employee which were reasonably worth one hundred and twenty-five dollars a month. This implied contract was expressly ratified as shown by the second count, for the trustsees allowed his claim. Yet the counsel for the appellant urges the court to reverse the case when the facts show that we are not suing for services as teacher but as an employee who performed other services than teaching.

We believe that even had the trustees never ratified the contract that the county would be liable. In the case of *Crump* v. *Colfax County,* 52 Miss. 108, the court held that a county was liable under *a quantum meruit.*

The court says in that case: "A verbal contract by the board of supervisors, to rent offices for the accomodation of county officials, or authority given the sheriff verbally to rent same, will not bind the county upon an express contract; but if the county, by the verbal action or contract, use the property of another, it will be bound as by an implied promise to pay, upon the principle of *quantum valebat.*" The board of trustees are certainly given a wider latitude over an agricultural high school, than the board of supervisors are given over county affairs, for the act creating said school board says they have "authority to do all things necessary for the successful operation of the school," while a board of supervisors is limited in power on every side. For the foregoing reason, we think the appellant is liable *quantum meruit.* We go further, however and show a ratification by the board of trustees. It is alleged in the second count that the "claim was presented to the board of trustees of said school for allowance and the same was duly allowed by said board." This shows an express ratification. The cases of *Groten Co.* v. *Warren County,* 80 Miss. 214; *Supervisors* v. *Patrick,* 54 Miss. 240; *Dixon* v. *Green County,* 79 Miss. 794, all recognize the rule that in cases where the board is not bound by an implied contract, yet they may adopt or ratify such contract and thereby become bound.

Counsel for appellant contends that this suit cannot be maintained against the county for the reason that section 2 of chapter 122 of the Acts of 1910, provides that: "The tax collected shall be deposited with the county treasurer and paid out by him on order of the board of trustees, but argues that if the suit can be maintained at all, it must be against the board of trustees and the county treasurer. Counsel contends further that the suit cannot be maintained against the county because under the act above quoted the board of supervisors has nothing to do with the allowance of the account. This contention is untenable. In the first

place we contend the account must be allowed by the board of supervisors before it can be paid by the county treasurer. The clause of the act above quoted, instead of taking from the board of supervisors the right to pass on these accounts, simply provides an additional safeguard for the school funds by providing that the accounts must be approved by the board of trustees. Under no circumstance can the county treasurer pay out funds unless a warrant is drawn on him by the clerk of board of supervisors. See section 983, Code 1906. However, even if this claim was not required to be presented to the board of supervisors for allowance before being paid by the treasurer, yet it had to be presented to them for allowance or rejection, before a suit could be maintained thereon against the county. It is well settled in this state that no suit can be maintained against the county until the matter has been first presented to the board of supervisors. See section 311 of Code and annotations thereunder. However, conceding for the sake of argument, that appellee was not required to present his claim to the board of supervisors and conceding also for the sake of argument that it was the duty of the county treasurer to pay the account whenever it was approved by the board of trustees, yet the fact that it had to be allowed by the board of trustees instead of the board of supervisors, would not bar a suit against the county thereon nor would it make the board of trustees individually liable therefor. This contention is certainly not sound, for if it were true, then whenever a valid claim against a county which could be paid only on allowance of the board of supervisors is rejected by them, then instead of the county being liable thereon, the individual members of the board of supervisors would be liable, and the holder of such claim could not maintain a suit thereon against the county but would be required to sue the members of the board themselves. This, of course, is absurd.

We call the attention of the court to the fact that all the authorities cited by appellant in his brief have reference to the first count, which is a suit for services for teaching where the teacher had no license. He argues that since the board could not enter into an express contract with the teacher, a fortiori, they could not be bound by an implied contract, or quantum meruit. His law is alright with reference to the first count, but it has no applicaton to the second count.

We do contend, however, that the board was under an implied duty to pay for services rendered by appellee as an employee of the county for services rendered not for teaching and not as a teacher. If mistaken in this, we insist that since the board of trustees ratified the contract for services rendered other than teaching, with the appellee, the county must pay, for then the contract becomes an express one.

For the foregoing reasons, we respectfully submit that the judgment of the lower court should be affirmed.

ETHRIDGE, J., delivered the opinion of the court.

H. L. Hopper filed a suit in the circuit court of Wayne county against the county for salary as director of the agricultural high school of Wayne county, alleging that he was employed as director of the agricultural high school at a salary of one hundred and twenty-five dollars a month for a period of twelve months, to be paid monthly, the first payment to be made in December, 1915, and one hundred and twenty-five dollars each month thereafter, and alleged that the plaintiff performed all services incident to and connected with his employment, but that the board of supervisors refused to pay him for the months of January, February, and three-fourths of March, and that the bill had been presented to the board and disallowed, said bill being for three hundred and thirty-three dollars and seventy-five cents. The county filed a plea to said declara-

tion, alleging that plaintiff was employed as teacher as well as director in the said agricultural high school, and that he actually taught and assigned and heard lessons in said school, and that he had no license as required by chapter 185, Laws of 1914, and that he had not stood an examination as required by law, and that the county was without authority in law to pay the salary claimed. To this plea the plaintiff filed a replication, averring that while it is true that Hopper was a teacher in the said school, only a small portion of his time was spent in teaching, and that teaching was a mere incident to his duties as director of the said school, and that the main duties of his employment consisted in other duties than teaching such as overseeing said school and a farm conducted therewith, and that his services as superintendent and manager of the farm and the school other than his employment as teacher were reasonably worth the amount, to wit, one hundred and twenty-five dollars per month, which the board of trustees contract-ed to pay him; and that he did not stand the examina-tion required of a teacher by chapter 185, Laws of 1914, because he did not deem it necessary, and that it was not legally required of him and that he was entitled, on the theory of *quantum meruit*, to recover the amount sued for in his declaration. This replication was de-murred to by the county as being insufficient in law to entitle the plaintiff to recover and on the theory that a license was essential to the validity of the contract, and that Hopper had not passed an examination as required by law, and that there was no authority in law to pay the salary claimed. This demurrer was overruled by the court, the county declined to plead further, and judgment was entered against the county for three hundred and thirty-three dollars and seventy-five cents, and the county auditor directed to issue warrant on the treasurer for said amount, and the said county ap-peals from this decision.

Section 4541 of the Code of 1906 is as follows: "It shall be unlawful for a county superintendent, or the trustees of a separate school district, to contract with a teacher who does not hold a license valid for the scholastic year in which the school is to be taught."

Chapter 185 of the Laws of 1914 provides: "That all teachers in agricultural high schools shall pass an examination in the free school studies and in addition thereto an examination on the subjects they are required to teach in said schools."

We think the contract between the trustees and Hopper was an indivisible contract. A part of his duties under the contract was to teach in the school conducted in the agricultural high school, another part of his duties was to superintend the school and the management of the farm connected with the agricultural high school. The contract does not appear in the record, and it does not appear that in making the contract the board undertook to pay him part of the salary as teacher and another part as manager of the farm, etc. To comply with the contract and make it a legal obligation it was necessary for Mr. Hopper to be examined on the public school curriculum and such other subjects as he was required to teach in the agricultural high school, to be determined by the state board of education. Unless he could stand this examination and secure this license a contract would be unlawful, and, being unlawful in part, and not being separable, his action must fail. He is not entitled to recover on the theory of *quantum meruit.*

It is not necessary to decide in this suit whether the trustees could make a contract so as to pay a party a certain amount for teaching and another amount for different duties as an employee. We reserve any expression of opinion as to this until this question is properly presented, but we do hold, under the contract shown in the pleadings in this record, that the plaintiff was not entitled to recover, because the contract does

not appear to be divisible or separable. It follows that the judgment of the court below must be reversed, and a judgment entered here in favor of the county.

*Reversed and judgment here.*